David R. Krause-Leemon, State Bar No. 185719
Wayne E. Beaudoin, State Bar No. 184896
BEAUDOIN & KRAUSE-LEEMON, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone No.: 818-205-2809
Fax No.: 818-788-8104

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNICE VITA, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LINKS MARKETING GROUP, INC., a California corporation; HERBERT COHEN, an individual; and DOES 1-25, inclusive,<br>　　　　Defendants. | Case No. 2:16-CV-02443<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT**<br>**(2) UNFAIR COMPETITION**<br>**(3) MISAPPROPRIATION OF TRADE SECRETS**<br>**(4) RESTITUTION**<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiff Vernice Vita, Inc., alleges as follows:

## THE PARTIES

　　　　1.　　Plaintiff Vernice Vita, Inc. ("Plaintiff") is a California corporation based in Los Angeles County, California. It manufactures and sells yoga mats utilizing "The Kind Mat" registered trademark.

　　　　2.　　Plaintiff is informed and believes, and based thereon alleges that defendant Links Marketing Group, Inc. ("Links") is a California corporation with its principal place of business in Los Angeles County, California.

3. Plaintiff is informed and believes, and based thereon alleges that defendant Herbert Cohen is a California resident.

4. Plaintiff is informed and believes, and based thereon alleges that defendant Herbert Cohen is the sole principal of Links.

5. Plaintiff does not know the true names and capacities of the defendants sued as Does 1 through 25, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants sued as Does 1 through 25 is responsible, in some manner, for the wrongful conduct alleged below, and that Plaintiff's injuries alleged below were proximately caused by such defendants' wrongful acts. Plaintiff will amend this Complaint to allege such defendants' true names and capacities when such are ascertained.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the Lanham Act and copyright claims set forth below by virtue of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and over the other claims set forth below by virtue of 28 U.S.C. § 1367. Venue is proper in this judicial district under 28 U.S.C. §1391, as it is the district within which the conduct complained of arose and in which defendants reside.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

### Plaintiff's Product and Plaintiff's Registered Mark and Copyright

7. Plaintiff markets and sells yoga mats under "The Kind Mat" brand name. "The Kind Mat" is a registered mark owned by Plaintiff.

8. "The Kind Mat" yoga mats are constructed using a unique triple-layer design that incorporates an upper layer of textured neoprene, a middle layer of memory foam, and a bottom layer of non-skid EVA material.

9. The unique construction and design of "The Kind Mat" renders it thicker and much more comfortable than traditional yoga mats, permitting yoga practitioners to experience a more satisfying yoga practice.

10. Plaintiff sells "The Kind Mat" in two models: the original "The Kind Mat" and a thicker "The Kind Mat Bliss." The original "The Kind Mat" contains ¼ inch of memory foam and "The Kind Mat Bliss" contains ½ inch of memory foam. Both mats are sold in two sizes a regular or medium size and a large size. In a regular size, "The Kind Mat" retails for $110 each. In a large size, "The Kind Mat" retails for $125 each. In a regular size, "The Kind Mat Bliss" retails for $135 each. In a large size, "The Kind Mat Bliss" retails for $150 each.

11. Because "The Kind Mat" and "The Kind Mat Bliss" command higher prices than typical yoga mats and provide superior performance and experience, Plaintiff has exacting quality standards for the construction and manufacture of "The Kind Mat" and "The Kind Mat Bliss."

12. To enhance the brand, goodwill and recognition of "The Kind Mat" and "The Kind Mat Bliss" each is labeled with a logo and artwork that are unique to "The Kind Mat" brand.

13. Plaintiff has continuously and extensively promoted the unique qualities of "The Kind Mat" brand in connection with sales to consumers and, in particular, to practitioners of yoga. Many of the qualities of "The Kind Mat" and "The Kind Mat Bliss" are new, novel, and distinctive. Plaintiff has developed these unique qualities at great expense over the last several years.

14. Plaintiff's other efforts to develop distinctive products include the registration of its "The Kind Mat" trade name. "The Kind Mat" label has become inherently distinctive and possesses strong secondary meaning in the yoga community. As a result, yoga practitioners associate Plaintiff's "The Kind Mat" brand with high quality merchandise and a unique yoga experience.

**Plaintiff's Order Through Defendants**

15. Within the past three years, Plaintiff and defendants entered into an agreement through which defendants would provide Plaintiff with various services in connection with the production of yoga mats bearing "The Kind Mat" brand. Defendant Herbert Cohen, the owner of Links, claimed that through Links, he could assist Plaintiff by: relaying orders and manufacturing instructions to a factory in China for the production of "The Kind Mat" and "The Kind Mat Bliss" at a substantially lower price than Plaintiff had been paying at the same high level of quality that Plaintiff required, handling the freight and shipping from China to the U.S., providing factory invoices, and delivering Plaintiff's product to Plaintiff's warehouse in the U.S.

16. In reliance on the representations of Defendants, Plaintiff entered into a written agreement with Links for the order of 500 regular size and 500 large size of "The Kind Mat Bliss" for a total of $38,125.

17. Plaintiff placed the order in late fall 2013, before the busy holiday season, based on a representation that the mats could be produced in time to fill holiday shopping orders and based upon a sample presented by Defendants that met Plaintiff's manufacturing and quality specifications.

18. Plaintiff's order was not filled for months. Because Plaintiff placed an order for product with Defendants, it did not place an order with another supplier and kept relying upon Defendants' representations that product would be shipped soon and that Plaintiff's order was in progress and in the process of being shipped.

19. Relying on Defendants' representations and while waiting for product to ship, Plaintiff ran out of "The Kind Mat Bliss" in size large.

20. When Plaintiff's order was delivered by Defendants, all of the product was defective. All of the mats were sized for "The Kind Mat" style and not "The Kind Mat Bliss." Moreover, none of the mats had memory foam (a required and distinguishing characteristic for both "The Kind Mat" and "The Kind Mat Bliss")

1 and they were all the wrong thickness. Additionally, the quality was poor in that the stitching of the mats was defective and the layers of the mats were not properly constructed or bonded together. As delivered to Plaintiff, the order was entirely unsatisfactory and unusable.

21. Plaintiff rejected the order, and was told by Defendants that replacement mats meeting Plaintiff's requirements would be shipped immediately. Plaintiff then waited months for replacement mats, receiving repeated assurances from Defendants that the mats were on the way, meanwhile losing sales due to a lack of product.

22. It turns out that Defendants were not telling the truth and that the promised replacement mats were never shipped. Plaintiff broke off its relationship with Defendants, and searched for another supplier to assist in the production of "The Kind Mat" and "The Kind Mat Bliss."

23. At the time Plaintiff rejected the order received from Defendants, Plaintiff had paid one-half of the amount owed. Plaintiff demanded and received a refund. Plaintiff also demanded compensation towards Plaintiff's lost sales and the disruption caused by the delay in locating another supplier and the inability to sell product caused by Defendants' failures. Plaintiff also demanded that Defendants destroy the defective product.

24. Defendant Link did refund Plaintiff's money and paid Plaintiff $5,000 towards Plaintiff's losses. However, as explained below, Plaintiff's losses far exceed the $5,000 paid by Link.

25. Adding insult to injury, despite agreeing to and representing that the defective product would be destroyed, Defendants caused the defective product to be sold to consumers. Within the past 12 months Plaintiff has discovered that the defective product shipped through Defendants was being sold using "The Kind Mat" name and with "The Kind Mat" logo and artwork on it. The sales price at which the

defective product was sold was for $19.95 per mat, significantly less than the $110 - $125 retail price for legitimate "The Kind Mat" mats.

26. Upon learning that the defective product had not been destroyed but was instead being sold to consumers, Plaintiff demanded that Defendants cease and desist from all sales and compensate Plaintiff for the lost sales and harm to Plaintiff's reputation and good will. Defendants refused, necessitating the filing of this lawsuit.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

27. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 26, inclusive, as if stated in full herein.

28. Defendants breached their agreements with Plaintiff by failing to deliver satisfactory product, failing to deliver product on time, failing to destroy defective product, and by causing and/or permitting the defective product to enter the stream of commerce and be sold as if it were legitimate "The Kind Mat" yoga mats.

29. Defendants' breach of their agreements with Plaintiff has caused damage to Plaintiff in an amount to be determined at trial, but in excess of $100,000.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition – Lanham Act)

30. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 26, inclusive, as if stated in full herein.

31. Defendants' failure to destroy the defective product and the unauthorized sale of the defective product is likely to cause the public to believe, erroneously, that the defective products are actually Plaintiff's products or associated with Plaintiff and "The Kind Mat."

32. Specifically, Defendants offered the defective product for sale as "The Kind Mat," and in doing so used Plaintiff's registered mark and Plaintiff's logo and artwork.

33. Defendants offered the defective product for sale online over the internet and in person at yoga studios and other locations frequented by yoga practitioners. Defendants also used pictures from Plaintiff's website and artwork to sell the defective and counterfeit product on-line through "Craig's List."

34. Defendants' sale of the defective product constitutes a false designation of origin and unfair competition under §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

35. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that it was false and misleading to sell the defective product as if it were original "The Kind Mat" yoga mats.

36. Through the conduct alleged above, Defendants have used in interstate commerce false or misleading descriptions or representations of fact in connection with the commercial advertising or promotion of goods. Such descriptions and representations misrepresent the nature, characteristics, and qualities of the defective product offered for sale by Defendants and are likely to influence the purchasing decision of consumers. Such descriptions and representations have actually deceived or have the tendency to deceive a substantial segment of the relevant customers and have injured plaintiff by diverting sales from Plaintiff to Defendants. Accordingly, Defendants' conduct violates 15 U.S.C. § 1125(a).

37. Defendants' false advertising in violation of 15 U.S.C. § 1125 has caused substantial injury to Plaintiffs, including but not limited to injury to its goodwill and reputation.

38. Defendants' acts of unfair competition are willful and entitle Plaintiff to recover damages, attorneys' fees and costs pursuant to 15 U.S.C. §1117.

### THIRD CLAIM FOR RELIEF

**(for False Advertising, Cal. Bus. & Prof. Code §§ 17500, *et seq.*)**

39. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 26, and 30 through 38, inclusive, as if stated in full herein.

40. Defendants have engaged in the acts alleged above in order to sell the defective product as if that product were Plaintiff's "The Kind Mat" yoga mats.

41. Defendants' actions are false and misleading, and are likely to deceive consumers in that Defendants' representation of the defective product as legitimate "The Kind Mat" yoga mats are likely to induce consumers into purchasing the defective product at a substantially reduced price instead of legitimate "The Kind Mat" yoga mats sold by Plaintiff. Plaintiff is informed and believes and based thereon alleges that Defendants' false and misleading actions have actually induced certain consumers to purchase the defective product instead of legitimate "The Kind Mat" yoga mats.

42. Plaintiff is informed and believes, and based thereon alleges, that in engaging in the actions alleged herein, Defendants knew, or by the exercise of reasonable care should have known, that their representation of the defective product as legitimate "The Kind Mat" yoga mats was untrue or misleading.

43. Through the conduct alleged herein, Defendants have made false or misleading advertising claims in violation of California Business and Professions Code section 17508. Defendants' false advertising in violation of California Business and Professions Code sections 17500 and 17508 has caused substantial injury to Plaintiff.

44. Pursuant to California Business and Professions Code section 17203, Plaintiff is entitled to a disgorgement of all monies received by Defendants from the sale of the defective product.

## FOURTH CLAIM FOR RELIEF

### (for Copyright Infringement)

45. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 26, inclusive, as if stated in full herein.

46. Plaintiff is the author/artist and copyright holder of "The Kind Mat" logo and label artwork (the "works") that Plaintiff uses to sell its "The Kind Mat" yoga mats.

47. Plaintiff has complied at all times with 17 U.S.C. §§ 101 *et seq.* and secured the exclusive rights and privileges in and to the copyrights of the above-referenced works. Plaintiff has been and still is the sole proprietor of all right, title and interest in and to the copyright in the works.

48. Defendants' conduct violates the exclusive rights belonging to Plaintiff as owner of the copyright in the works, including without limitation Plaintiff's rights under 17 U.S.C. §106.

49. On information and belief, Plaintiff alleges that, as a direct and proximate result of their wrongful conduct in selling the defective product using Plaintiff's works, Defendants have realized and continue to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. §§ 504 and 505.

50. Plaintiff is informed and believes, and based thereon alleges, Defendants have willfully engaged in, and are willfully engaging in, the acts complained of – to wit, the sale of the defective product using Plaintiff's works – with oppression, fraud, and malice, and in conscious disregard of the rights of Plaintiff. Plaintiff is, therefore, entitled to the maximum statutory damages allowable.

## FIFTH CLAIM FOR RELIEF

### (for Fraud)

51. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 26, inclusive, as if stated in full herein.

52. Defendants Herbert Cohen and Link through Herbert Cohen represented to Plaintiff as fact the following:

    a. On or around September 9, 2013 that he could, through Links, supply yoga mats that met the product specifications for sale by Plaintiff as "The Kind Mat" ant "The Kind Mat Bliss" yoga mats, at a less expensive price than Plaintiff was then paying to acquire such mats and that such mats would be manufactured to the same level of quality and construction that Plaintiff was then currently experiencing;

    b. On or around November 14, 2013 that he would make sure that everything went "perfect" for Plaintiff if Plaintiff would place an order with Links; and

    c. On December 17, 2013, in response to Plaintiff's concern that it was running out of product, that the yoga mats Defendants were procuring would "definitely" be "on the water" (i.e., en route / shipped to the U.S.) before January 24, 2014 and that the mats would be delivered to Plaintiff three weeks after they were "on the water."

53. The above representations were false in that Defendants could not obtain yoga mats that met Plaintiffs' product specifications for "The Kind Mat" or "The Kind Mat Bliss" yoga mats at a lower price.

54. The above representations were false in that defendant Herbert Cohen did nothing to ensure product delivery in a timely fashion because the original mats that arrived were all defective and no replacement mats were provided notwithstanding repeated promises for months that such mats were on the way.

55. The above representations were false in that no usable product was ever shipped to Plaintiff.

56. Defendants knew or should have known that the representations above were false when made because Defendants were either aware of the true facts or had no reasonable basis for believing that the representations were true when made.

57. At the time Defendants made the representations alleged above they intended Plaintiff to rely on those representations in order to induce Plaintiff to place an order with Defendants and, once the order was placed, to refrain from withdrawing the order and seeking another supplier.

58. Plaintiff reasonably relied on the representations made by Defendants because Herbert Cohen held himself out as someone knowledgeable in supplying products like the yoga mats Plaintiff was ordering.

59. Plaintiff was damaged in relying on Defendants' representations because the initial product received did not meet any of the specifications promised by Defendants and then Plaintiff ran out of product to sell while awaiting on Defendants' repeated promises that correct product would be shipped, which never occurred.

60. As a result of Defendants' misrepresentations, Plaintiff suffered a significant disruption to Plaintiff's business as a result of the lack of product to sell and the delay caused by waiting for Defendants' to ship product that that they claimed the factory in China was producing and that would be shipped by air, but which never took place. The exact amount of Plaintiff's damages will be determined at trial but is at least in the amount of $100,000.

## SIXTH CLAIM FOR RELIEF

### (for Fraud)

61. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 26, and 52 through 60, inclusive, as if stated in full herein.

62. Defendants Herbert Cohen and Link through Herbert Cohen represented to Plaintiff as fact the following:

 a. In or around April or May 2014 that the defective yoga mats shipped to Plaintiff by Defendants and that Plaintiff rejected, would be picked up by Defendants from Plaintiff's warehouse and destroyed.

63. The above representations were false in that Defendants picked up the defective product from Plaintiff's warehouse, but did not destroy the defective product. Instead, Defendants introduced the defective product into the stream of commerce to be sold as if the defective product was legitimate "The Kind Mat" yoga mats.

64. Defendants knew that the representations above were false when made because Defendants had no intention of destroying the defective product.

65. At the time Defendants made the representations alleged above they intended Plaintiff to rely on those representations in order to induce Plaintiff to refrain from making a claim against Defendants for the losses suffered by Plaintiff as a result of the defective product and to permit Defendants to surreptitiously sell the defective product and profit thereby.

66. Plaintiff reasonably relied on the representations made by Defendants and relied upon Defendants to destroy the defective product.

67. Plaintiff was damaged in relying on Defendants' representations because Defendants introduced the defective product into the stream of commerce where it was marketed and sold over the internet and in person as if it was legitimate "The Kind Mat" yoga mats.

68. As a result of Defendants' misrepresentations, Plaintiff suffered a significant disruption to Plaintiff's business as a result of defective and inferior quality yoga mats being marketed as if they were Plaintiff's "The Kind Mat" yoga mats using Plaintiff's trademark, label and logo at a price that was a fraction of the price at which Plaintiff sold legitimate product. Defendants used Plaintiff's

photographs and artwork from Plaintiff's website to aid them in their efforts. The exact amount of Plaintiff's damages will be determined at trial but is at least in the amount of $100,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against defendants Link, Herbert Cohen, and Does 1 through 25, jointly and severally, as follows:

a. For actual damages in an amount to be determined at trial;

b. For compensatory, special, and consequential damages in an amount to be determined at trial;

c. For pre- and post-judgment interest;

d. For an order requiring defendants to make an accounting of the profits derived by them by reason of their unlawful acts, holding defendants liable to Plaintiff for such profits, and awarding Plaintiff its actual damages suffered as a result of the unfair competition, trademark and copyright infringement complained of against defendants, in an amount to be determined at trial;

e. For an award of treble damages pursuant to 15 U.S.C. §1117(b);

f. For costs incurred in this action and Plaintiff's attorneys' fees as allowable by law; and

g. For other and further relief as this Court deems just and proper.

DATED: April 9, 2016  Respectfully submitted,

BEAUDOIN & KRAUSE-LEEMON, LLP

By: _____/s/_____
David R. Krause-Leemon
Wayne E. Beaudoin
Attorneys for Plaintiff
Vernice Vita, Inc.